IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02673-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKABILE, Warden,

    Respondent.

ORDER

    This matter is before the Court on Applicant Jeremy Pinson's "Motion for Joinder and to Supplement Claim One" filed on December 26, 2012.

    Applicant is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on October 9, 2012, challenging thirty-seven separate disciplinary proceedings. Applicant also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action that was granted on October 30, 2012. Subsequently, on December 26, 2012, Applicant and another inmate, Michael Bacote, filed a Motion for Joinder and to Supplement Claim One. For the reasons stated below the Motion will be denied.

    In the Motion, Applicant and Mr. Bacote seek to join Mr. Bacote in this action pursuant to Fed. R. Civ. P. 15(d) and 20, and to supplement Claim One. In particular, Applicant and Mr. Bacote assert that Mr. Bacote is a mentally retarded inmate who has been charged with over 100 disciplinary infractions but who was never provided a staff representative despite his illiteracy and mental retardation. They also assert that Mr.

Bacote was not given a competency exam at any of the disciplinary proceedings. Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

Rule 20(a) applies and provides as follows:

(1) Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Even though Applicant and Mr. Bacote currently are housed at ADX in Florence, Colorado, and claim they have mental health issues and were denied a competency evaluation at their many disciplinary proceedings, the similarities stop there. They are challenging the particulars of their own disciplinary proceedings. Their claims do not arise out of the same transaction or occurrence, nor can it be said that there is a common question of law or fact under these circumstances relating to their individual disciplinary actions. Therefore, the Court will deny the motion for joinder in this action. Mr. Bacote may file a new and separate action. Mr. Bacote's ability to submit a separate action is not at issue in this action. Accordingly, it is

ORDERED that the Motion for Joinder and to Supplement Claim One, ECF No. 6, is denied.

DATED at Denver, Colorado, this  28th  day of     December     , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court