IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02673-BNB

JEREMY PINSON,

      Applicant,

v.

DAVID BERKABILE,

      Respondent.

---

ORDER DIRECTING PRELIMINARY RESPONSE IN PART
AND DISMISSING IN PART

---

Applicant, Jeremy Pinson, is a prisoner in the custody of the United States

Bureau of Prisons, who currently is incarcerated at ADX in Florence, Colorado.  Mr.

Pinson initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Action.  Mr. Pinson has been granted leave

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Pinson is challenging thirty-seven separate disciplinary actions.  Although Mr.

Pinson states on Page Four of the § 2241 application form that he has not filed a prior

action in federal court in which he raised or could have raised any of his claims, a

review of PACER (Public Access to Court Electronic Records) discloses that Mr. Pinson

has filed at least twenty-three prior § 2241 actions.  *See* ECF No. 7. at App. A.

Fourteen of the disciplinary actions were at issue in prior § 2241 actions, and the claims

asserted by Mr. Pinson regarding these reports either were decided on the merits or are pending in a district court or on direct appeal. *Id.* at B.

The fourteen disciplinary actions include Incident Report Nos. 2060836, 2039286, 1940984, 1918202, 1916691, 1887173, 1878645, 1870480, 1826068, 1656024, 1655131, 1634068, 1642331, and 1639219. *Id.* On December 27, 2012, the Court instructed Mr. Pinson to show cause why the competency claim with respect to the fourteen incident reports should not be dismissed as an abuse of the writ under 28 U.S.C. § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice. *See George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1996), *overruled on other grounds by Ackerman v. Novak*, 483 F.3d 647, 649 (10th Cir. 2007).

Mr. Pinson acknowledges he did not raise the competency claim in any of the fourteen disciplinary actions, but he claims he could not have raised the issue because there was no conclusive proof that he was suffering from a serious illness at the time of the proceedings. Mr. Pinson further claims that the Court should permit the claims based on newly discovered evidence because the BOP obstructed his access to records that allegedly would disclose his illness at the time of each disciplinary proceeding.

The Court finds that Mr. Pinson's claims lack merit. First, whether there is documentation of Mr. Pinson's mental incompetency or not, he still was able to challenge his competency in his previous § 2241 actions when he raised due process issues. Furthermore, to the extent Mr. Pinson has two cases pending regarding four of the fourteen disciplinary proceedings, one in the United States District Court for the Northern District of Alabama, *see Pinson v. Rathman*, No. 10-cv-02477-IPB-HGD (Filed

N.D. Ala. Sept. 14, 2010), challenging two of the incident reports, and the other case in

the United States Court of Appeals for the Tenth Circuit, *see Pinson v. Berkebile*, No.

1112 (Appeal Filed Mar. 28, 2012), challenging the other two incident reports, Mr.

Pinson may raise the competency issue in these cases, which he has done in the

appeal pending in the Tenth Circuit.  The Court , therefore, will dismiss Incident Report

Nos. 2060836, 2039286, 1940984, 1918202, 1916691, 1887173, 1878645, 1870480,

1826068, 1656024, 1655131, 1634068, 1642331, and 1639219.

Respondent is directed pursuant to *Redmon v. Wiley*, 550 F. Supp.2d 1275 (D.

Colo. 2008), and Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, to file a Preliminary Response limited to addressing the

affirmative defense of exhaustion of administrative remedies in connection with the

remaining incident reports.  If Respondent does not intend to raise this affirmative

defense, Respondent must notify the Court of that decision in the Preliminary

Response.  Respondent may not file a dispositive motion as a Preliminary Response, or

an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits

copies of any administrative grievances Applicant has filed raising the issues asserted in

the Application, as well as any responses to those grievances.  Applicant may reply

to the Preliminary Response and provide any information that might be relevant to his

efforts to exhaust administrative remedies.  Accordingly, it is

ORDERED that Incident Report Nos. 2060836, 2039286, 1940984, 1918202,

1916691, 1887173, 1878645, 1870480, 1826068, 1656024, 1655131, 1634068,

1642331, and 1639219 are dismissed from this action.  It is

ORDERED that **within twenty-one days from the date of this Order**

Respondent shall file a Preliminary Response that complies with this Order with respect

to the remaining incident reports.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the**

**Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative

defense of exhaustion of administrative remedies, Respondent must notify the Court of

that decision in the Preliminary Response.

Dated:  March 18, 2013

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court