IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02673-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKABILE,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

At issue is Applicant's "Motion to Reconsider (Doc. No.8)," ECF No. 10, filed on January 11, 2012. The Court must construe the Motion liberally because Mr. Pinson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) *cert. denied*, 506 U.S. 828 (1992)). Nonetheless, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Pinson's Motion, however, does not challenge a final judgment.

The Motion is an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Oklahoma Corp. Com'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (citing *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (internal quotation marks omitted)). The Court, therefore, is not subject to the strict standards under Rules 59(e) and 60(b). *Id.* Based on its general discretionary authority, the Court will deny the Motion for the following reasons.

In the Motion to Reconsider, Mr. Pinson asserts that the action should be considered as a class action under Fed. R. Civ. P. 23 and that Mr. Bacote be allowed to proceed in this action because he is incompetent and not capable of proceeding in a separate case without Mr. Pinson's help. Mr. Pinson also requests that if the Court denies the Motion the Court grant a motion to stay so he can appeal ECF No. 8.

First, a prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The Tenth Circuit has held that while a prisoner proceeding *pro se* may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *See Menefee v.*

*Werholtz*, 368 F. App'x 879, ** 2 (10th Cir. 2010) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); see also *House v. Utah*, 129 F. App'x 432, ** 1 (10th Cir. 2005) (citing *Fymbo* for the same proposition). *Pro se* prisoner litigants also are subject to logistical and administrative constraints which severely restricts their ability to investigate class claims and contact class members. Because Mr. Pinson, the putative class representative, is a prisoner litigant proceeding *pro se* the Court finds that class certification is inappropriate.

Second, Mr. Pinson may not assert claims on behalf of other individuals. A *pro se* litigant may not represent other *pro se* litigants in federal court. See 28 U.S.C. § 1654; see also *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo*, 213 F.31 at 1321. Furthermore, prisoners don't have a protected legal interest in acting as a jailhouse lawyer for other prisoners. See *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). Mr. Pinson, therefore, does not have the right to assert any mental health claims on Mr. Bacote's behalf. Accordingly, it is

ORDERED that the "Motion to Reconsider (Doc. 8)," ECF No.10, is denied. It is

FURTHER ORDER that Mr. Pinson's request for a stay, ECF No. 10, is denied.

DATED March 18, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court