IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02673-BNB

JEREMY PINSON,

      Applicant,

v.

DAVID BERKEBILE,

      Respondent.

---

ORDER OF DISMISSAL
AND TO SHOW CAUSE

---

      Applicant, Jeremy Pinson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) incarcerated at ADX in Florence, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Applicant asserts that he is a mentally ill inmate and that the BOP failed to conduct competency evaluations to determine his competency and responsibility with respect to thirty-seven convictions for disciplinary violations.

      Applicant states on Page Four of the Application that he has not filed a prior action in federal court in which he raised or could have raised any of his claims. A review of PACER (Public Access to Court Electronic Records) discloses that Applicant has filed at least twenty-three § 2241 actions prior to this one. *See* ECF No. 7. at App.

A.  Fourteen of the disciplinary actions were at issue in prior § 2241 actions, and the claims asserted by Applicant regarding these reports either were decided on the merits or are pending in a district court or on direct appeal.  *Id.* at B.

On March 18, 2013, the Court dismissed claims relating to fourteen of the disciplinary convictions asserted in this case because Applicant had the opportunity to raise his claims for failure to conduct a mental competency evaluation either in previous § 2241 actions or in pending § 2241 actions in which the particular disciplinary convictions were challenged.  ECF No. 11.  The dismissed claims involved the disciplinary actions identified in the following Incident Reports:

(1) 2060836;

(2) 2039286;

(3) 1940984;

(4) 1918202;

(5) 1916691;

(6) 1887173;

(7) 1878645;

(8) 1870480;

(9) 1826068;

(10) 1656024

(11) 1655131;

(12) 1634068;

(13) 1642331; and

(14) 1639219.

2

*Id.*

Respondent was directed to file a Preliminary Response regarding the remaining disciplinary convictions to address the affirmative defense of exhaustion of administrative remedies.  Respondent filed the Preliminary Response on May 2, 2013, and Applicant filed a Reply on May 28, 2013.

Respondent asserts that Applicant's claims concerning nineteen of the remaining twenty-three incident reports should be dismissed because Applicant failed to complete the final step of administrative exhaustion, Resp., ECF No. 23, at 1; three should be dismissed because Applicant failed to raise the mental health evaluation claim which is the basis of this action, *id.*; and one should be dismissed as time-barred.  *Id.*

Applicant asserts in his Reply that he appealed IR Nos. 1916477, 1944592, 2060959, and 1627833 at all levels.  Reply, ECF No. 24, at 1.  Applicant further asserts that he was unable to exhaust the remaining disciplinary convictions until August 30, 2011, because his legal papers had been taken and he did not have the Disciplinary Hearing Officer (DHO) reports.  *Id.*  Applicant also asserts that, due to a BOP error, the "appeal was not processed until November 19, 2012"; the appeal was rejected on December 18, 2012; but the rejection was not delivered to him for twenty-two days, beyond the time to resubmit, and BOP staff would not provide to him the forms necessary to pursue the appeals.  *Id.* at 1-2.

Applicant also asserts in the Reply that he did not have to raise the mental health evaluation issue separately on appeal in IR Nos. 1916477 and 2060959 because, without witnesses and a staff representative, he was not able to present a mental competency claim.  *Id.* at 2.  Applicant further argues that his attempts to appeal were

3

thwarted by the BOP's untimely delivery of instructions to resubmit and by the prison staff's refusal to provide administrative remedy forms, rendering the process "unavailable."  Applicant further asserts that the BOP incorrectly instructed him on how to appeal by telling him that he must first appeal to the warden.  Finally, Applicant asserts he is mentally ill, incompetent, and not responsible and, as a result, he could not be expected to properly exhaust without staff representation.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *Garza*, 596 F.3d at 1203.  Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)).  A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners, including the Applicant.  *See* 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of

4

his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, a federal prisoner

exhausts administrative remedies by attempting to resolve the matter informally and

then completing all three formal steps by filing administrative remedy requests with

institution staff and then appealing to the regional and national levels.  *See* 28 C.F.R. §§

542.13- 542.15.

Where a determination is made by a DHO, the inmate may skip the initial appeal

to the warden and appeal the DHO's decision directly to the Regional Director.  28

C.F.R. § 542.14(d)(2).  The step after the Regional Director is a final appeal to the

Central Office.  28 C.F.R. § 542.15(a).

The Respondent argues that administrative review of the following Incident

Reports was not exhausted:

(1) 2044119;

(2)  2044118;

(3)  2026989;

(4)  1826070;

(5)  1807164;

(6)  1740713;

(7)  1740717;

(8)  1740729;

(9)  1739204;

(10)  1678448;

(11)  1665234;

(12)  1668696;

(13)  1646432;

(14)  1638938;

(15)  1629478;

(16)  1628372;

(17)  1625273;

(18)  1620969; and

(19)  1605511.

Applicant does not disagree that IR Nos. 1628372, 1646432, and 1665234 were

expunged.  Therefore, sanctions did not result from those reports, and any claims

regarding them will be dismissed as legally frivolous.[1]

In nine of the sixteen remaining incident reports--IR Nos. 2044119, 2044118,

2026989, 1826070, 1740713, 1740717, 1625273, 1620969,and 1605511--Respondent

provides documentation that Applicant failed to file any administrative remedies or

appeals.  Prelim. Resp., ECF No. 20-1, Attach 1 (Respondent provided a list of the

administrative remedies that Applicant has filed and a list of Applicant's incident reports

---

[1]Applicant's further pursuit of claims concerning these reports another example of his abusive litigation conduct.  *Pinson v. Davis*, No. 11-cv-02955-WYD (D. Colo. Aug. 8, 2012) (concerning repeated challenge to same disciplinary proceeding; warned future malicious filings would subject to filing restrictions); *See Pinson v. Davis*, No. 11-cv-02088-WYD (D. Colo. Apr. 25, 2012 ) (finding several of the claims legally frivolous), *dismissed on appeal*, No. 12-1214 (10th Cir. Feb. 26, 2013); *Pinson v. Davis*, No. 11-cv-01334-WYD (D. Colo. Apr. 25, 2012) (finding abuse of the writ and maliciousness for challenging same disciplinary as in previous § 2241 action), *dismissed on appeal*, No. 12-1215 (10th Cir. Feb. 26, 2013).

for comparison).  In IR Nos. 1629478, 1638938, 1668696, 1678448, 1739204, 1740729, and 1807164, Respondent provides further documentation that Applicant did not exhaust his administrative remedies either because the appeals were untimely, were filed in the wrong regional office, or were not appealed beyond the regional office. Prelim. Resp. at 6-7.

In a Declaration, Applicant states that on "August 30, 2011, [he] submitted to staff for mailing to the Central Office an appeal that challenged all previous incident reports . . . ,"  but due to "mailroom error" the appeal was not processed until November 19, 2012.  Reply at 7.  The assertion is incredible and self-serving.

First, Applicant admits that he has substantial experience concerning the administrative remedy process.  Specifically, in *Pinson v. Davis*, No. 11-cv-00608-WYD (D. Colo.), Applicant submitted a Declaration dated May 20, 2011, that included the following statements:

> 3.  While in BOP custody I have filed 450 Administrate Remedy Request/Appeals.  I have also served as a jailhouse lawyer to hundreds of other inmates in Administrative Remedies which required a lot of research and preparation.
>
> 4.  Additionally I have been involved in dozens of BOP disciplinary proceedings and assisted other inmates therein.
>
> 5.  Based upon my experience and research, I am well versed in BOP policies, regulations and procedures and I properly utilize them when I feel it is necessary to do so.

Declaration [Doc. # 15] at 6.  Applicant also attached to the Declaration a copy of the Administrate Remedy Program, including 28 C.F.R. §§ 542.10-17.

If, as he claims, Applicant did submit an appeal in August 2011, he acted unreasonably in failing to challenge the delay in processing the appeal and by waiting more than thirteen months to file this action.  In view of Applicant's apparent knowledge of the BOP regulations and procedures, he knew or reasonably should have known that § 542.18 provides that an inmate may consider the absence of a response within the time allowed to be a denial at that level.  Also, it is unreasonable to think, in view of the number of administrative remedies that Applicant has filed and the fact that he had a copy of the regulations (including §§ 542.14 and 15), that Applicant believed he could exhaust his remedies (i) by submitting an appeal directly to the central office or (ii) by means of an administrative remedy request that challenged multiple incident reports.

Furthermore, Applicant's claims that his attempts to appeal were thwarted by the BOP's untimely delivery of the central office's instructions to resubmit, and BOP staff members' refusal to issue more than one administrative remedy form, are unavailing. Pursuant to § 542.14(b) and 15(a), the time to resubmit an appeal in proper form may be extended where an applicant is able to demonstrate a valid reason for delay. Despite Applicant's claim that he was unable to obtain seventeen BP9 forms so that he could properly appeal each incident report, the Administrative Remedy Generalized Retrieval Report[2] attached to the Preliminary Response demonstrates that Applicant did not challenge a denial of BP9 forms until March 11, 2013, more than two months after

---

[2]  The Report is validated by Clay C. Cook.  Mr. Cook attests that each formal complaint by an inmate is logged into the SENTRY database.

he claimed he received the rejection from the central office.  *See* Prelim Resp., ECF No. 20-1, Attach. 2 at 51, Remedy ID 725847-F1.  Finally, Applicant's claim that he is unable to file multiple administrative remedy requests at one time is belied by the Administrative Remedy Generalized Retrieval Report, *see id.*, which shows that Remedies 726623-R1 and 726624-R1 were both received on the same day.  Similarly, on May 4, 2009, seven separate administrative appeals were received from the Applicant.  Attach. 2 at 24-25, Remedy ID's 530353-R1, 530761-R1, 530758-R1, 531315-R1, 530759-R1, 531314-R1, and 530352-R1.[3]

Applicant's misinformation claim also lacks merit.  Applicant acknowledges that he is well versed in how to file appeals of disciplinary hearings and that he has done so on multiple occasions.  In its Rejection Notice, *see* Reply, Attach. B at 14, the Central Office included as "Rejection Reason 2" that the Applicant was required to file a BP9 request through the "institution for the warden's review."  *Id.*  Although Rejection Reason 2 may not have been applicable to Applicant's disciplinary proceeding appeal, its inclusion in the rejection notice did not mislead Applicant or preclude him from filing his remedy requests at the proper level, particularly in view of Applicant's familiarity with the appeal process.[4]

Applicant also complains that he could not exhaust administrative remedies

---

[3]This is another example of Applicant's willingness to lie to this Court.  *See Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 105 and 99 (D. Colo. May 28, 2013).

[4]Importantly, Applicant has successfully exhausted administrative remedies in four of the incident reports he challenges in this action.

because his legal papers were taken and he did not have copies of the DHO reports.

The lack of a DHO report as a basis for not exhausting administrative remedies has

been addressed by the Tenth Circuit Court of Appeals.  "[N]othing in the regulations

require[s] a copy of the report when filing an administrative appeal." *See Pinson v.*

*Berkebile*, 528 F. App'x 822, 827 (10th Cir. 2013).

The Administrative Remedy Generalized Retrieval Report, Attach. 2(a) at 62,

under the Remarks section of Remedy ID 667461-R (Involves IR 1678448), includes the

following statement: "THIS INCIDENT IS FROM 2007.  IF YOU ARE CLAIMING YOU

DIDN'T RECEIVE YOUR DHO REPORT UNTIL NOW  YOU MUST PROVIDE

DOCUMENTATION FROM STAFF TO THAT EFFECT."  The remark implies that the

BOP may require a DHO report when an inmate appeals a disciplinary proceeding,

notwithstanding the Tenth Circuit's statement in *Pinson*, 528 F. App'x 822.

Nonetheless, Applicant fails to assert how the delay in receiving a DHO report

prejudiced him.

Furthermore, Applicant was not thwarted by BOP staff members in his attempts

to exhaust his administrative remedies.  To the contrary, he has manipulated the

administrative remedy procedure by his attempts to exhaust sixteen of his remedy

requests through avenues he knows are not available.  The Court, therefore, will

dismiss Applicant's mental evaluation claims regarding IR Nos. 1629478, 1638938,

1668696, 1678448, 1739204, 1740729, 1807164, 2044119, 2044118, 2026989,

1826070, 1740713, 1740717, 1625273, 1620969, and 1605511 for failure to properly

10

exhaust administrative remedies.

The following is a list of the offenses, hearings, and subsequent appeals in the ten reports that were either exhausted or were rejected for administrative reasons:

Unexhausted:

| Incident Report No.(Remedy No.) | Hearing Date(Incident) | Appeal Date |
|---|---|---|
| 1629478  (470583,533459,667462) | 8/16/07 (8/7/07) | 10/12/07 |
| 1638938  (470584) | 9/4/07 (8/3/07) | 10/12/07 |
| 1668696  (533460) | 12/7/07 (11/18/07) | 4/7/09 |
| 1678448  (478654) | 12/28/07 (12/16/07) | 1/9/08 |
| 1739204  (502508) | 6/12/08 (6/1/08) | 7/21/08 |
| 1740729  (502509) | 6/12/08 (6/5/08) | 7/21/08 |
| 1807164  ((527597) | 12/10/08 (12/4/08) | 4/7/09 |

Exhausted:

| Incident Report No.(Remedy No.) | Hearing Date(Incident) | Appeal Date |
|---|---|---|
| 1916477  (577022) | 11/24/09 | 2/10/10 |
| 1944592  (577023) | 12/4/09 | 2/10/10 |
| 2060959  (617040) | 9/10/10 | 11/18/10 |
| 1627833 (465137 and 470582)[5] | | 2/4/08,3/5/08 |

Prelim Resp., ECF No. 20-1, Attachs. at 52-61 and 86-99.

The hearing and appeals concerning these incident reports occurred between August 2007 and November 2010.  During that time, Applicant was involved in at least forty-two civil cases in various federal district courts, including this Court, and submitted at least 500 administrative remedy requests.  *See* PACER (Public Access to Court

---

[5]  Respondent was unable to examine the remedy files in Incident Report No. 1627833 to determine what issues Applicant raised on appeal of this disciplinary proceeding to the central office. This incident was final on appeal in March 2008 and the files for this case have been purged.

Electronic Records); ECF No. 20-1 at 15-50.  Also during that time, Applicant filed at least twenty-three appeals of disciplinary proceedings.  *See* ECF No. 20-1 at 15-50.  He was able to exhaust his remedies concerning four of the incident reports.

In three matters where Applicant exhausted administrative remedies--IR Nos. 1916477, 1944592, and 2060959--he clearly articulated the perceived violations of his due process rights or of BOP procedures and federal regulations.  Prelim. Resp., ECF No. 20-1, Attach. 4 at 90, Attach. 5 at 95, and Attach. 6 at 98.  Generally, the alleged violations included that (1) the incident report was not delivered in twenty-four hours; (2) the UDC hearing was not held in three days; (3) no copy of the findings was provided by UDC; (4) the UDC hearing was not held by three staff members; (5) there was a coerced waiver of witnesses and staff representative; (6) there was insufficient evidence; (7) excessive sanctions were imposed; and (8) the DHO report was not delivered within ten days.

It is incredible to believe that Applicant--who prosecuted forty-two civil cases and submitted 500 administrative requests and appeals; and who clearly articulated alleged violations in connection with IR Nos. 1627833, 1916477, 1944592, and 2060959--was not capable of asserting a violation of 28 C.F.R. § 542.6, involving the requirement for a mental evaluation.

The Court finds no basis for construing Applicant's claims for denial of witnesses and staff representatives in IR Nos. 2060959 and 1916477 as including a claim for failing to conduct a mental evaluation.  In addition, Applicant does not dispute that he

did not include a witness and staff representative challenge in IR Nos. 1944592; he does not argue that he included a witness and staff representative challenge in IR No. 1627833; and he does not assert that he stated a mental incompetency claim in IR No. 1627833.  Accordingly, the Court finds that Applicant failed to exhaust the mental competency claim in each of those incident reports.  Any claim now by Applicant that he did assert a mental competency claim in IR No. 1627833 would be self-serving and incredible, especially because Applicant has not raised this claim in any of the other incident reports that he did exhaust.

To summarize, Applicant has not exhausted his administrative remedies concerning the BOP's alleged failure to conduct competency evaluations in connection with any of the disciplinary convictions asserted here, and he has failed to demonstrate that the BOP hindered his efforts to exhaust administrative remedies or that any attempt to exhaust would have been or is now futile, so as to excuse the exhaustion requirement.

The Court, however, under 28 U.S.C. § 2254(b)(2), may proceed to decide the merits of Applicant's claims even if the claims are unexhausted.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted).  Based on the Court's findings that Applicant adequately litigated forty-two civil complaints and pursued over 500 administrative remedy requests during the time that the challenged disciplinary charges were decided and appealed, and to the extent that the failure by

prison staff to conduct a mental competency evaluation pursuant to § 542.6 is a violation of his due process rights, his mental competency claim is denied on the merits and the instant action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

The Court further recognizes Applicant's propensity to abuse the BOP administrative remedy procedure and to continually present claims to this Court under 28 U.S.C. § 2241 that have not been exhausted or have been addressed previously on the merits in other § 2241 actions.  Applicant has been warned that his actions are abusive and that he will be subject to additional filing restrictions if he does not discontinue his abusive acts.

With total disregard for the integrity of the judicial process, Applicant filed yet another case, *Pinson v. Berkebile*, No. 13-cv-03252-LTB (D. Colo. Feb. 24, 2014), in which he claims that he was denied a mental evaluation in IR Nos. 1826070, 1740713,

1740717, 2026989, and 2044118, and subsequently conceded that these five incident reports were raised in this case.  Applicant's abusive conduct must stop.

14

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may

. . . impose an appropriate sanction" upon that party.  *See* Fed. R. Civ. P. 11(c).  Rule

11 serves several purposes including, but not limited to, (1) deterring future litigation

abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and

facilitating case management.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683

(10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for

Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C.

Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)).

Deterrence is the primary goal of a sanction.  *See Cooter & Gell v. Hartmarx Corp.*, 496

U.S. 384 (1990).  In order to comply with Rule 11 and avoid sanctions thereunder, a *pro

se* party's actions must be objectively reasonable.  *White v. Gen. Motors Corp.*, 908

F.2d 675, 683 (10th Cir. 1990).  A pattern of groundless and vexatious litigation will

support an order enjoining a litigant from filing any claims without first seeking prior

leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v.

Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't

v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who

files non-meritorious actions and who generally abuses judicial process.  *Phillips v.

Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to

provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting

further filings are appropriate where (1) the litigant's lengthy and abusive history is set

forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989). Applicant has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

The Court has reviewed each of the cases listed above in which Applicant has engaged in abusive litigation in 28 U.S.C. § 2241 actions in this Court. It is apparent that Applicant has chosen to ignore the Court's warnings. While this Court has an obligation to give *pro se* litigants wide latitude, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Court cannot accept the filing of repetitious, meritless lawsuits. The Court, therefore, will direct Applicant  to show cause why he should not be enjoined from filing future actions in this Court that are repetitive challenges to prison disciplinary actions and why he should not be subject to the following filing restrictions. Along with any other sanction restricting Applicant's ability to file a 28 U.S.C. § 2241 action in this Court, Applicant will be required to file the following:

> (1) A petition titled, "Petition Seeking Leave to file *pro se* a 28 U.S.C. § 2241 Application" that has a copy of this injunction attached to the petition;

> (2) A list of all 28 U.S.C. § 2241 actions Applicant has filed that includes the issues raised, the disciplinary action challenged, and the results of the § 2241 action;

> (3) A statement of the issues to be raised in the proposed § 2241 action and how the issues were exhausted, explaining each step Applicant has taken, including the date the appeal was submitted to and filed with the regional office, when the regional office responded, the date the appeal was submitted to and filed with the central office, and the reasons why the

appeal all levels was denied or rejected;

(4) An affidavit by Applicant that attests the claims he presents have not been denied on the merits and disposed of by any federal or state court, that the claims are not frivolous or taken in bad faith, and that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay; and

(5) A copy of the 28 U.S.C. § 2241 application Applicant desires to file in this Court on a proper Court-approved form that complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

Applicant also shall not file any motions or other pleadings pertaining to the proposed

28 U.S.C. § 2241 action while approval of the Application is pending.  Only one 28

U.S.C. § 2241 action challenging a disciplinary action may be filed in one month.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is DENIED, and the action is DISMISSED WITH PREJUDICE on the

merits.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

DENIED.  It is

FURTHER ORDERED that all pending motions are DENIED.  It Is

FURTHER ORDERED that Applicant show cause why the United States District

Court for the District of Colorado should not enjoin him from filing a 28 U.S.C. § 2241

action in this Court that improperly asserts repetitive and unexhausted claims.  It is

FURTHER ORDERED that Applicant show cause why any future 28 U.S.C. §

2241 action he submits to this Court should not be reviewed based on the restrictions

set forth above by a judicial officer pursuant to D.C.COLO.CivR 8.1(b) as follows:  (1)

first by a magistrate judge to determine whether the filing asserts repetitive and

unexhausted claims; and (2) second by a district judge, if a magistrate judge finds the

pleading does not comply with the filing restrictions, who shall determine whether or not

the pleading should proceed.  It is

FURTHER ORDERED that Applicant file a Response to this Order to Show

Cause within thirty days of the date of the Order.  It is

FURTHER ORDERED that if Applicant fails to respond within thirty days an order

restricting him from filing future 28 U.S.C.§ 2241 actions as set forth in this Order will be

entered.

Dated:  April 3, 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court