IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02673-LTB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

IMPOSITION OF SANCTIONS

---

On April 3, 2014, Magistrate Judge Boyd N. Boland ordered Applicant, Jeremy Pinson, to respond and show cause, within thirty days, why he should not be enjoined from filing a 28 U.S.C. § 2241 action in this Court that improperly asserts repetitive and unexhausted claims. Applicant filed a Response on April 22, 2014.

In the Response, Applicant contends the proposed filing restrictions in this case are not the same as the filing restrictions imposed in *Pinson v. Kasdon,* No. 13-cv-01384-RM-BNB (D. Colo. May 1, 2014), and he would not know which restriction he is to follow when filing a § 2241 action in this Court. Applicant also claims that being subjected to two sanctions violates his due process rights and that he should not be sanctioned in this case because he did nothing abusive in this case.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations

omitted) (per curiam). "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." See *Andrews v. Heaton,* 483 F,3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994).

The Court has reviewed the filing restrictions Applicant is subject to pursuant to the May 1, 2014 order entered in *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 123. The Court finds nothing contradictory between the restrictions imposed against Applicant in Case No. 13-cv-01384-RM-BNB and the restrictions to be imposed in this action. Nor are Applicant's due process rights violated because he is subject to filing restrictions in Case No. 13-cv-01384-RM-BNB and in this case. The Court, however, will limit the filing restriction in this case to § 2241 actions that address disciplinary proceedings.

Finally, there is no merit to Applicant's claim that sanctions are not proper in this case because he did "nothing abusive in this case and shouldn't be sanctioned for losing." Applicant presented claims in this action that either were decided on the merits in prior § 2241 actions or were at issue in cases pending in a district court or on direct appeal when he initiated this action. Applicant also knew he had not exhausted the

mental competency claim he raised in this action. This action like other § 2241 actions Applicant has filed regarding his disciplinary proceedings is an example of his propensity to engage in abusive litigation.

Filing restrictions, therefore, are appropriate in this case, as provided for in *Tripati*, 878 F.2d at 351. Applicant has a lengthy and abusive history, and the Court has provided a guideline to him to obtain permission to file a 28 U.S.C. § 2241 action, of which he received notice and an opportunity to oppose before it is implemented. *Tripati*, 878 F.2d at 353-54. Therefore, it is

ORDERED that along with any other filing restrictions imposed against Applicant he will be required in a 28 U.S.C. § 2241 action that addresses disciplinary proceedings to file the following:

(1) A petition titled, "Petition Seeking Leave to file *pro se* a 28 U.S.C. § 2241 Application Addressing Disciplinary Proceedings" that has a copy of this injunction attached to the petition;

(2) A list of all 28 U.S.C. § 2241 actions Applicant has filed challenging disciplinary proceedings that includes the issues raised, the disciplinary action challenged, and the results of the § 2241 action;

(3) A statement of the issues to be raised in the proposed 28 U.S.C. § 2241 action and how the issues were exhausted, including each step Applicant has taken, the date the appeal was submitted to and filed with the regional office, when or if the regional office responded, the date the appeal was submitted to and filed with the central office, when or if the central office responded, and the reasons why the appeal at all levels was denied or rejected;

(4) An affidavit by Applicant that attests the claims he presents have not been denied on the merits and disposed of by any federal court, that the claims are not frivolous or taken in bad faith, and that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay;

(5) A copy of the 28 U.S.C. § 2241 application Applicant desires to file in this Court on a proper Court-approved form that complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado; and

(6) Applicant also shall not file any motions or other pleadings pertaining to the proposed 28 U.S.C. § 2241 action while approval of the Application is pending.  Only one 28 U.S.C. § 2241 action challenging a disciplinary action may be filed in one month.

DATED at Denver, Colorado, this  23rd  day of    May              , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court